FILED

AUG 21 2000

LARRY W. PROPES, CLERK
CHARLESTON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Grange Simons Lucas III ) <br> d/b/a Great Expectations Resort Productions ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Wild Dunes Real Estate, Inc. ) <br> ) <br> Defendants. ) <br> _____) | C/A No. 2:99-2489-18 <br><br> **ORDER** |



This matter comes before the court on Plaintiff and Defendant's Motion for Costs. For the reasons set forth below, both motions are granted.

**I. BACKGROUND**

This was a case about copyright infringement and servicemark infringement regarding a photograph taken by Plaintiff. Plaintiff claimed that Defendant used his copyrighted photograph depicting a golf club, tee, and a golf ball with the "Wild Dunes" logo depicted on it, in Defendant's real estate advertising campaign. Defendant denied liability to Plaintiff, claiming that the Plaintiff gave his express authorization for Defendant to use the photograph. Defendant also claimed that Plaintiff did not have any license from Defendant to use the Wild Dunes Service Mark in his photograph, but he distributed the photograph for over a year as part of a package of pictures. More than ten days before trial, Defendant submitted an Offer of Judgment to Plaintiff in the amount of $15,000, which Plaintiff

1

rejected. At trial, the jury found for Plaintiff on his copyright infringement cause of action and awarded him a total of $4,120.40. The jury also found for Defendant on its action for servicemark infringement but awarded no damages.

## II. LAW/ANALYSIS

Both Plaintiff and Defendant have filed Motions for Costs. Plaintiff's motion is filed pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and Defendant's motion is filed pursuant to Rule 68 and 17 U.S.C. § 505. This court will address Defendant's motion for first.

### A.    Defendant's Motion for Costs Including Attorney's Fees

Defendant's Motion for Costs requires this court to determine (1) whether such an award of costs, including attorney's fees, is proper; and (2) whether the amount of the fees requested is reasonable.

#### 1.    Whether to Award Defendant Costs Including Attorney's Fees



Defendant moves this court for an award of costs pursuant to Rule 68 of the Federal Rules of Civil Procedure and 17 U.S.C. § 505. Rule 68 provides in pertinent part that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68. "[T]he term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Marek v. Chesny, 473 U.S. 1, 9 (1985). In the remedial provisions of the copyright infringement statute, the language provides that "the

2

court may award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (1994).

In its brief and at oral argument, Defendant cited this court two cases for the proposition that a defendant is a prevailing party under § 505 when the plaintiff does not recover more than the Offer of Judgment. See <u>Harris Custom Builders, Inc. v. Hoffmeyer</u>, 140 F.3d 728 (7th Cir. 1998); <u>Screenlife Establishment v. Tower Video, Inc.</u>, 868 F. Supp. 47 (S.D.N.Y. 1994). At oral argument, Defendant advised the court that these were the only two cases it had found that addressed the issue of whether a prevailing defendant can seek its attorney's fees as costs pursuant to Rule 68 when infringement occurred before registration.



There are two problems with each of the two cases Defendant has cited to the court. First, neither case is grounded in an application of Rule 68. In <u>Harris Custom Builders, Inc.</u>, the district court had originally granted summary judgment for the plaintiff, but the Seventh Circuit reversed and granted summary judgment for the defendant. On remand, the district court awarded costs including attorney's fees to the defendant as the prevailing party under § 505. The Seventh Circuit vacated the district court's award of fees and remanded the case to allow the district court to enunciate the reasons for its exercise of discretion, not because the Seventh Circuit disagreed with the district court's decision to award fees. See <u>Harris Custom Builders, Inc.</u>, 140 F.3d at 729 ("When the case returned to the district court, Hoffmeyer [the defendant], in his new role as the prevailing party, moved for attorney fees,

pursuant to 17 U.S.C. § 505. The district court granted fees, as it had discretion to do. The problem, however, is that, with limited exceptions, we cannot tell how that discretion was exercised . . . ."). Rule 68 was irrelevant to the analysis and cannot be found anywhere in the opinion. The Screenlife Establishment case is equally not grounded in an application of Rule 68. The Southern District of New York stated that it was "awarding [the defendant] its fees pursuant to 17 U.S.C. § 505. I need not and do not address whether [the defendant] is entitled to its fees and costs under Fed. R. Civ. P. 68 . . . ." Screenlife Establishment, 868 F. Supp. at 52.

Second, unlike the defendants in the cases cited, Defendant cannot satisfy the test required to make a litigant a prevailing party. "[D]efendants should be considered prevailing parties . . . when they successfully defend against the significant claims actually litigated in the action." Id. at 50. In Harris Custom Builders, Inc., the defendant was considered the prevailing party because summary judgment was granted in favor of the defendant. In Screenlife Establishment,

> [t]he only issue litigated at trial was [the plaintiff's] claim for actual damages. After the trial, I ruled in favor of the defendants, denying [the plaintiff's] claim for actual damages. Thus [the defendants] prevailed completely on the only litigated claim in the action. . . . I find that this makes the defendants prevailing parties in this action.

Screenlife Establishment, 868 F. Supp. at 50. In contrast, in this case, the jury returned a verdict for Plaintiff on the only copyright claim that was litigated at trial. This precludes Plaintiff from satisfying the definition of a prevailing party.



4

At the hearing, Defendant handed to the court several pages from a treatise on copyright law that at first blush endorses its argument that Defendant should be considered a prevailing party to this litigation. "[P]articularly when the plaintiff recovers at trial, appreciably less than the defendant offered to settle the case prior to trial, even a defendant technically held liable should be deemed the prevailing party." Nimmer on Copyright § 14.10[B], at 14-139 (Matthew Bender & Co., Inc. 1998) (citing Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989); Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc., 367 F.2d 236, 243 (9th Cir. 1966); Florentine Art Studio, Inc. v. Vedet K. Corp., 891 F. Supp. 532, 541 (C.D. Cal. 1995); Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 50 (S.D.N.Y. 1994); Warner Bros., Inc. v. Dae Rim Trading, Inc., 695 F. Supp. 100 (S.D.N.Y. 1988); Warner Bros., Inc. v. Dae Rim Trading, Inc., 677 F. Supp. 740, 771-73 (S.D.N.Y. 1988); Quinto v. Legal Times of Washington, Inc., 511 F. Supp. 579, 582 (D.C. 1981); Shapiro, Bernstein & Co. v. Bleeker, 243 F. Supp. 999, 1001 (S.D. Cal. 1965)). None of these cases are apposite to the case before the court.

In the Warner Bros., Inc. series of cases, the district court found that the defendant, rather than the plaintiff, was the overall prevailing party when the defendant prevailed on the "basic issue" before the court and on its counterclaim, even though the plaintiff succeeded in obtaining a consent injunction as to one copyright and a minimum statutory damage award of $100. See Warner Bros., Inc., 677 F. Supp. at 771. The Second Circuit reversed, holding that neither party's success was sufficiently significant to warrant an award of attorneys' fees.

See Warner Bros. Inc., 877 F.2d at 1126. The facts of the case did not involve the application of Rule 68, nor did the district court or Second Circuit rule that a defendant is a prevailing party when a plaintiff recovers less than the Offer of Judgment. In the Shapiro, Bernstein & Co. cases, the district court had ruled the defendant to be the prevailing party when the defendant had offered a sum to the plaintiff to settle the case, but the plaintiff refused and subsequently was awarded less than that offer at trial. See Shapiro, Bernstein & Co., 367 F.2d at 243. However, the Ninth Circuit ruled that

> [a]fter studying Local Rule 15(c)[,] we agree that [the defendant] was the prevailing party only because of the provision [in the Local Rules] that '[i]f the defendant offers a judgment in a certain sum which is rejected by the plaintiff, and the case thereafter goes to trial with the resulting recovery of only the amount previously offered by the defendant, or less, then the defendant is the prevailing party.'

Id. at 243 (emphasis added). The Ninth Circuit went on to state that "[w]ithout that provision in Local Rule 15(c)[, the plaintiff] would have been the prevailing party because it established infringement by [the defendant] and its right to recover damages." Id. In Florentine Art Studio, Inc., the district court, in finding that the defendants were the prevailing parties even though they did not win on all issues before the court, the district court stated that the

> [d]efendants clearly succeeded in a substantial part of this litigation, and achieved substantially all the benefits they hoped to achieve in defending the suit.
>     Defendant Gonul Kurdoglu was completely exonerated on all counts. . . .
>     Defendants Vedat Kurdoglu and Vedat K. Corporation



> prevailed on seven of the nine infringement counts, were found merely to be innocent infringers on the remaining two, and were assessed the minimum statutory damages.

Florentine Art Studio, Inc., 891 F. Supp. at 541. Based on these findings, the district court found that the defendants were the prevailing party and awarded them a reasonable attorney's fee pursuant to 17 U.S.C. § 505. See id. Rule 68 did not come into play. Moreover, unlike Defendant in this case, the defendants in Florentine Art Studio, Inc. actually prevailed in the majority of the litigation before the district court. As this court has already noted, the facts of the Screenlife Establishment case are also inapposite because the Southern District of New York considered the defendant to be the prevailing party when it won the only claim litigated, so the court did not address whether the defendant was entitled to fees under Rule 68. See Screenlife Establishment, 868 F. Supp. at 50, 52. Finally, in Quinto, the District of Columbia rejected the defendant's arguments as to why the plaintiff should not be awarded attorney's fees in a copyright case. After rejecting the defendant's first argument, the court stated that

> Defendants next contend that no award should be made because plaintiff refused to accept a reasonable settlement offer or to negotiate in good faith. It suffices to say that this court's award of statutory damages, costs, and attorney's fees exceeds the $500 offer of judgment defendants made under Rule 68, Fed. R. Civ. P. Thus none of the justifications for denying an award of attorney's fees is present in this case and the court will order defendants to pay plaintiff's costs, including a reasonable attorney's fee.

Quinto v. Legal Times of Washington, Inc., 511 F. Supp. 579, 582 (D.C. 1981). The court did not hold that even though a defendant loses on the copyright claim, it is still a prevailing

7

party when its offer of judgment exceeded the damages awarded to the plaintiff. Because the cases cited by Nimmer are inapposite to the case at bar, this court declines to adopt a broad rule that courts should consider a defendant who loses the only copyright claim actually litigated to trial as the prevailing party because the plaintiff recovered less than the defendant's Offer of Judgment.

Even though Defendant is not a prevailing party, this court does not read the Supreme Court's language in Marek that the costs must be "properly awardable" to require that Defendant has to be a prevailing party in order to be eligible for an award of attorney's fees as costs in a copyright action pursuant to Rule 68.[1] Instead, this court finds that so long "the underlying statute defines 'costs' to include attorney's fees, [the Supreme Court is] satisfied such fees are to be included as costs for purposes of Rule 68." Marek v. Chesny, 473 U.S. 1, 9 (1985). "When the plaintiff recovers less than the defendant's formal offer of judgment under Rule 68 of the Federal Rules of Civil Procedure, it has been held that the award to defendant of its fees incurred after that offer is mandatory." Nimmer on Copyright §

---

[1] At first glance, it may appear to be somewhat of an exercise in semantics for this court to find that Defendant is automatically entitled to costs, including attorneys' fees, under Rule 68 when the plaintiff recovers less than the Offer of Judgment, whereas the court could have extended cited precedent and found that a defendant is a prevailing party, and thus entitled to such fees, when the plaintiff recovers less than the Offer of Judgment. However, the analysis in which the court has engaged has one important ramification for Plaintiff in this case. Because this court does not find that Defendant is the prevailing party, Plaintiff is still eligible for an award of costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Moreover, a copyright plaintiff who succeeds on his copyright claim, at least to the degree that Plaintiff has in this case and who is not statutorily barred from obtaining attorneys' fees, would still be considered a prevailing party under § 505 and thus eligible for an award of attorneys' fees as costs, at the discretion of the district court.

14.10[B], at 14-139, 14-140 (Matthew Bender & Co., Inc. 1998) (citing <u>Jordan v. Time, Inc.</u>, 111 F.3d 102, 105 (11th Cir. 1997)). In <u>Jordan</u>, the plaintiff filed a copyright infringement suit against the defendant. <u>See</u> <u>Jordan</u>, 111 F.3d at 104. Pursuant to Rule 68, the defendant made an offer to the plaintiff to settle the suit for $15,000 and subsequently for $20,000, both of which were rejected by the plaintiff. <u>See id.</u> The jury awarded the plaintiff $5,000 in actual damages, so the plaintiff elected to recover statutory damages instead. <u>See id.</u> However, the district court only awarded the plaintiff $5,500 in statutory damages. <u>See id.</u> Consequently, the defendant argued that because the plaintiff "did not obtain a judgment more favorable than the ones contained in [the defendant's] offers of judgment, [the plaintiff] must pay [the defendant's] attorneys' fees and costs." <u>Id.</u> The district court denied the defendant's motion. <u>See id.</u> The Eleventh Circuit disagreed, reversing the district court's order denying the defendant its costs and attorneys' fees. The Eleventh Circuit held that

> [t]he language contained in Rule 68 is mandatory; the district court does not have the discretion to rule otherwise. Thus, the district court erred when it used its 'equitable discretion' to deny [the defendant's] motion for attorney's fees and costs. . . . Costs as used herein includes attorney's fees. . . . Rule 68 'costs' include attorneys' fees when the underlying statute so prescribes. The Copyright Act so specifies, 17 U.S.C. § 505.



Id. at 105.[2] By ruling that Rule 68's mandatory language controls, the Eleventh Circuit implicitly resolved an apparent tension between Rule 68's mandate that a district court award costs if Plaintiff obtains a judgment less favorable than the Offer of Judgment and the language of § 505 providing the district court with discretion[3] as to whether or not to award a prevailing party attorney's fees as part of their costs. Even though the Eleventh Circuit resolved this tension without any extensive analysis, the result is in harmony with the purposes of Rule 68. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981) ("The purpose of Rule 68 is to encourage the settlement of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain."); 12 Charles Alan Wright, Federal Practice & Procedure § 3001, at 67 (2d ed.

---

[2] This court notes that the Eleventh Circuit did not even consider whether a defendant seeking costs, including attorneys' fees, pursuant to Rule 68 had to be a prevailing party because the Eleventh Circuit implicitly read Marek to mean that the underlying statute simply must define costs to include attorneys' fees in order for attorneys' fees to be properly awardable under Rule 68. The court did not even reference the fact that under § 505 a defendant must be a prevailing party to be eligible for an award of attorneys' fees. See Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997).

[3] See Fogerty v. Fantasy, Inc., 510 U.S. 517, 1034 & n.19 (1994) (finding that an award of attorneys' fees under the Copyright Act is discretionary and that several nonexclusive factors should guide the district court's "equitable discretion," including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence"); Diamond Star Building Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1994) (setting out similar discretionary factors to be considered by district courts in this circuit).

1997) ("[Rule 68] might also, to some extent, deter the pursuit of some vexatious litigation.").[4]

Under circumstances similar to those in Jordan, Defendant submitted, more than ten days before trial, an Offer of Judgment to Plaintiff in the amount of $15,000, which Plaintiff rejected. At trial, the jury found for Plaintiff, but awarded him a mere $4,120.40. Based on the Jordan case, Defendant is entitled to reasonable attorneys' fees as part of an award of costs.

Plaintiff argues that Defendant cannot obtain attorneys' fees as costs in this case when Plaintiff is ineligible to obtain such fees because Plaintiff claimed infringement of his copyright after his work was published and before it was registered. See 17 U.S.C. § 412 (1994) ("[N]o award of . . . . attorney's fees, as provided by section[] . . . 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."). However, § 412 only limits an award of attorneys' fees as costs to a plaintiff when the copyright infringement occurred before registration; § 412 is inapplicable to any claim by a defendant for attorneys' fees. See Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 50 (S.D.N.Y. 1994)

---

[4]However, the court does note that this court's adoption of the Eleventh Circuit's ruling leads to the anomalous result that an award of attorneys' fees to a prevailing defendant pursuant to § 505 is discretionary when judgment is entered for the defendant, but such an award is automatic and mandatory pursuant to Rule 68 when judgment is entered for the plaintiff and the plaintiff's verdict is simply less than the defendant's Offer of Judgment.

(awarding the prevailing defendant attorneys' fees even though the plaintiff was not entitled to an award of attorneys' fees because of the registration bar of § 412). Specifically in the context of Rule 68, § 412 does not alter the fact that § 505, the underlying copyright statute, defines costs to include attorneys' fees, so as to satisfy the Supreme Court's rule that such fees are included as costs for purposes of Rule 68 when "the underlying statute defines 'costs' to include attorney's fees." Marek v. Chesny, 473 U.S. 1, 9 (1985).

For the reasons set forth above, this court must award Defendant costs, including attorneys' fees, in this case.

### 2. Whether the Amount of the Requested Fees is Reasonable

Defendant seeks costs, including attorneys' fees and litigation expenses[5] in the total amount of $46,936.39. Although Defendant is entitled to attorneys' fees and costs related to the copyright claim pursuant to Rule 68 and 17 U.S.C. § 505, it did not indicate to the court either in its briefs or at oral argument as to whether this total amount represented only counsel's efforts regarding the copyright claim or whether it grouped together the total costs and fees to defend the copyright claim and prosecute the servicemark infringement case. Only fees and costs attributable to the defense of the copyright claim are properly awardable. See Harris Custom Builders, Inc. v. Hoffmeyer, 140 F.3d 728, 730 (7th Cir. 1998) ("In the

---

[5] "In determining an award of attorney's fees, 'litigation expenses, such as supplemental secretarial costs, copying, telephone costs, and necessary travel, are integrally related to the work of an attorney' and, thus, are compensable." Superior Form Builders v. Dan Chase Taxidermy Supply Co., 881 F. Supp. 1021, 1029 (E.D. Va. 1994) (quoting Wheeler v. Durham City Bd. of Educ., 585 F.2d 618, 623-24 (4th Cir. 1978)).

12

present case, what the district court relied on was that the award [of attorneys' fees] was for work done on the copyright claims only, not on any of [the defendant's] counterclaims . . . . The court's conclusion that fees could be awarded only for the copyright claim . . . is correct."). To the extent possible, Defendant is instructed to sift through its invoices and bills to determine the fees, costs, and litigation expenses attributable only to the litigation of the copyright claim. Once Defendant files a revised submission for attorneys' fees, costs, and litigation expenses, Plaintiff is instructed to advise the court regarding any dispute he may have as to the reasonableness of the requested fees.

### B.  Plaintiff's Motion For Costs

As the prevailing party, Plaintiff is entitled to an award of costs. See Fed. R. Civ. P. 54(d)(1). Plaintiff filed a bill of costs with this court in the proper form, in compliance with statutory law and the Local Rules. Defendant has filed no objections to either an award of costs to Plaintiff under Rule 54(d)(1) or to the amount of such costs. With no objections from Defendant, this court awards Plaintiff his costs as requested in the amount of $1,587.78.

### III.  CONCLUSION

For the reasons set forth above, Defendant is entitled to an award of costs, including attorneys' fees and litigation expenses incurred after May 15, 2000 and attributable to the litigation of the copyright infringement claim. The amount of such fees and costs are to be determined after the submission of a revised request by Defendant. Furthermore, Plaintiff is entitled to an award of taxable costs in the amount of $1,587.78.



13

It is therefore,

**ORDERED**, that Defendant's Motion for Costs is **GRANTED**;

**ORDERED**, that Plaintiff's Motion for Costs in the amount of $1,587.78 is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant must submit a revised request for attorneys' fees, costs, and litigation expenses in compliance with this Order.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

August 21, 2000
Charleston, South Carolina